IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIRIAM M. KLING,                                   CV 04-1655-MA

       Plaintiff,                              OPINION AND ORDER

v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

       Defendant.

MERRILL SCHNEIDER
P.O. BOX 16310
Portland, OR 97292-0310
(503) 255-9092

       Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1053

1 - OPINION AND ORDER

DAVID J. BURDETT
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-2522

    Attorneys for Defendant

MARSH, Judge.

    Plaintiff filed a civil action for judicial review of a final decision of the Commissioner denying her applications for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, and supplemental security income benefits on (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f.  Plaintiff alleges the Administrative Law Judge (ALJ) erred in finding she is not entitled to benefits. Plaintiff seeks an order reversing the Commissioner's decision and remanding the case for an award of benefits or for further evaluation of plaintiff's disability.  The Commissioner contends her decision is based on substantial evidence and is free from legal error.  The Commissioner, therefore, requests the Court to affirm her decision.

    This court has jurisdiction under 42 U.S.C. § 405(g).  For the following reasons, the Court **REVERSES** the final decision of the Commissioner and **REMANDS** the matter for further proceedings consistent with this Opinion and Order.

## **BACKGROUND**

    Plaintiff applied for DIB and SSI on November 7, 2000,

alleging the onset of disability as of October 20, 2002. The application was denied initially and on reconsideration. Plaintiff requested a hearing before an ALJ. The ALJ conducted an initial hearing on August 21, 2002, and, on September 13, 2002, issued a decision that plaintiff was not entitled to a period of disability and was not eligible for SSI. Plaintiff appealed the denial of benefits to the Appeals Council. On February 26, 2003, the Appeals Council remanded the matter to the ALJ for further proceedings. On November 25, 2003, the ALJ conducted another hearing and, on December 3, 2003, issued a second decision that Plaintiff was not entitled to benefits. Plaintiff again appealed the decision to the Appeals Council. On October 8, 2004, the Appeals Council denied further review, and, therefore, the ALJ's second decision became the final decision of the Commissioner for purposes of judicial review.

## **LEGAL STANDARDS**

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). The Commissioner

bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if the "evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 121 S. Ct. 628 (2000). "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

/ / / / /

**DISABILITY ANALYSIS**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled. Bowen v. Yuckert, 482 U.S.137, 140 (1987). See also 20 C.F.R. § 416.920. The claimant bears the burden of proof at steps one through four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

Here, at Step One, the ALJ found plaintiff had not engaged in substantial gainful activity since the onset of her alleged disability. 20 C.F.R. § 416.920(b).

At Step Two, the ALJ found plaintiff had physical and psychological impairments, including scoliosis, status-post Harrington's Rod procedure with low back pain and myalgias, hand numbness, essential hypertension, anxiety-related disorders, depressive disorders, and obesity that were severe within the meaning of 20 C.F.R. §§ 404.1520©) and 416.920(c)(an impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities).

At Step Three, the ALJ found plaintiff's impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(iii) and (d), and § 404.920(a)(4)(iii) and (d). The ALJ found

5 - OPINION AND ORDER

plaintiff's limitations did not preclude her from performing modified light exertion with a "30-minute sit/stand/walk option," and postural and manipulative non-exertional limitations, including occasional climbing of stairs and ramps, occasional stooping, and occasional non-prolonged repetitive fingering/fine manipulation. The ALJ also found plaintiff's limitations restrict her to "unskilled, simple, 1-2-3 step-type work . . . [with] occasional interaction with the public." 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e) and 416.945.

At Step Four, the ALJ found plaintiff was unable to perform her past relevant work as an activity aide, dietary aide, child-care worker, and receptionist. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.1520(f), 416.920(a)(4)(iv), and 416.920(f).

At Step Five, the ALJ, however, found plaintiff retained the residual functional capacity to perform "other work" involving modified light exertion with non-exertional limitations that exists in significant numbers in the national and regional economy, including such jobs as hand packager, small products assembler, and electronics packing worker.

Accordingly, the ALJ found plaintiff was not under a disability. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

## **DISCUSSION**

As of the date of the final decision, plaintiff was 50 years old. She has more than a high school education. Plaintiff

alleges she is disabled, and that the ALJ erred (1) by failing to comply with the Appeals Council Remand Order, (2) by adopting the medical opinion of a non-examining medical expert and rejecting the opinion of an examining medical expert, (3) by failing to consider Plaintiff's obesity as a factor in determining whether whether the combined effects of Plaintiff's impairments are equivalent in severity to a listed impairment, and (4) by improperly analyzing Plaintiff's residual functional capacity.

    1.  **<u>The Appeals Council Remand Order</u>**.

The Appeals Council remanded the ALJ's first decision denying disability for further proceedings. Plaintiff alleges the ALJ failed to comply with the requirements of the remand order by (a) failing to clarify the diagnosis and opinion of treating physician, Stephen A. Eraker, M.D., as to plaintiff's ability to work, and (b) failing to supplement the musculo-skeletal record to validate or reject the finding of consulting physician, Lawrence J. Cohen, M.D., that plaintiff's impairments, including her limitation of spinal motion as a result of the Harrington Rod, met or equaled Listed Impairment 105(c)(1) and (2).

        a.  <u>Dr. Eraker</u>.

Plaintiff had a Harrington Rod inserted in her dorsal

and lumbar spine in 1979.[1]  Dr. Eraker noted plaintiff's history
of Harrington Rod, and diagnosed Plaintiff as suffering from
scoliosis, and back, hip, and upper leg pain with an unclear
prognosis.  Dr. Eraker stated on a pre-printed form on which he
filled in the blank spaces that Plaintiff was unable to work
based on physical restrictions that include no lifting, no
bending, no standing, no squatting, and sitting for periods of up
to 2-4 hours.

In his first decision, the ALJ rejected Dr. Eraker's opinion
because the doctor did not refer to objective findings, his
"extreme" finding of no lifting was contradicted by substantial
other evidence in the record by an examining, although not a
treating, physician, and his diagnosis and opinion were stated in
a conclusory manner as "fill-in summaries" that were entitled to
no weight.

The Appeals Council remanded the ALJ's decision and ordered
the ALJ to:

> [g]ive further consideration to [Dr. Eraker's]
> opinions pursuant to the provisions of 20 CFR
> 404.127 and 416.927 and Social  Security Ruling
> 96-2p, and explain the weight given to such
> opinion evidence.  As appropriate, the [ALJ]
> may request [Dr. Eraker]. . . to provide
> additional     evidence and/or further
> clarification of the opinions and medical source

---

[1] A Harrington Rod is comprised of a system of metal hooks inserted surgically into the posterior elements of the spine to provide distraction and compression in the treatment of scoliosis and other spinal deformities.

8 - OPINION AND ORDER

>           statements about what the claimant can still do
>           despite the impairments.

AR 85.

On remand, the ALJ states he sought "any additional records and findings by Dr. Eraker," but the existing file contained "no additional records." The ALJ did not request a supplemental report or seek further clarification from Dr. Eraker. In his final decision, the ALJ again rejected Dr. Eraker's opinion and gave "no weight to [Dr. Eraker's] fill-in summaries" that reflected his diagnoses and disability opinion.

Plaintiff asserts that, on remand, the ALJ was required to seek clarification from Dr. Eraker. The Commissioner asserts the Appeals Council did not require such clarification but left it to the discretion of the ALJ.

The Appeals Council cited 20 C.F.R. 404.1512(e) as the basis for requiring the ALJ to recontact Dr. Eraker. That provision states:

>           We will seek additional evidence or clarification
>           from your medical source when the report from your
>           medical sources . . . does not contain all the
>           necessary information, or does not appear to be
>           based on medically acceptable clinical and labor-
>           atory techniques. We may do this by requesting
>           copies of your medical source's records, a new
>           report, or a more detailed report . . . .

I agree with plaintiff that the Appeals Council's mandate to the ALJ on remand was consistent with the regulation in that it required the ALJ to obtain additional records then in existence

or, if there were none, to obtain a supplemental report from Dr. Eraker clarifying the reasons for his diagnoses and opinion as to disability. Clearly, the Appeals Council did not consider the existing Administrative Record sufficient to deny plaintiff's disability claim without further clarification from Dr. Eraker.

Accordingly, I conclude the ALJ erred in failing to obtain a supplemental report from Dr. Eraker clarifying his diagnoses and opinion as to plaintiff's ability to work and, therefore, the ALJ failed to meet his burden of developing the record. DeLorme, 924 F.2d at 849 (9th Cir. 1991).

      b. Dr. Cohen.

Dr. Cohen reviewed plaintiff's medical records at the request of the ALJ for the purpose of rendering an opinion regarding plaintiff's functional limitations. As to exertional limitations, Dr. Cohen concluded plaintiff's impairments limited her to frequently lifting 10 lbs, standing and/or walking at least two hours in an 8-hour day, and sitting less than 6 hours in an 8-hour day. In addition, Dr. Cohen concluded the Harrington Rod prevented movement in the dorsal and lumbar spine and, therefore, limited plaintiff's ability to push or pull in both the upper and lower extremities. As to postural limitations, Dr. Cohen concluded plaintiff should never climb, but she could balance, kneel, crouch, crawl, and stoop occasionally. As to manipulative limitations, plaintiff could

occasionally reach, and frequently handle, finger, and feel objects.

Dr. Cohen specifically noted that, whether or not plaintiff's impairments met any section of the Listing of Impairments "depends on the condition of the Harrington Rod and the appearance of the dorsal and lumbar spine by x-rays." Dr. Cohen commented:

> There is not an adequate back examination. There should be a back specialist examine her and x-rays taken of her back to determine if the Harrington Rod should be removed. Dr. Eraker says she cannot work. He should explain this further. . . . Dr. Ogisu says her back is straight while Dr. Eraker says she has scoliosis. A discrepancy in the findings. The x-ray of the dorsal and lumbar spine standing would show if any of the screws are loose. If that is present, the rod may have to be removed.

In his first decision, the ALJ stated he rejected Dr. Cohen's conclusion that plaintiff's impairments met the former Listing of Impairments under Section 1.05©)(1) and (2) because those findings are, purportedly, inconsistent with Dr. Cohen's opinion that plaintiff can perform a limited range of sedentary exertion.

In its remand order, the Appeals Council addressed the issue as to whether plaintiff's impairments met the Listing of Impairments, and ordered the ALJ to do the following on remand:

> If warranted by the expanded record, obtain supplemental evidence from a medical expert to clarify the nature and severity of the claimant's impairments and whether her impairments are severe

11 - OPINION AND ORDER

>           enough to meet or equal the requirements of
>           section 1.04 of Appendix 1, Subpart P, Regulations
>           No. 4 of the new musculoskeletal listings which
>           became effective on February 19, 2002.

The ALJ did not obtain any additional medical evidence to clarify whether plaintiff's impairments met the Listing of Impairments. Instead, in his final decision, the ALJ essentially relied on the same record the Appeals Council had found inadequate to reiterate his opinion that Dr. Cohen's report was inconsistent, and he added that Dr. Cohen "still cannot differentiate the requirements between the Listings and Functional Limitations for a Residual Functional Capacity (RFC), often listed both, when the former (meeting or equaling the listings) would eradicate the need for the latter (RFC)."

Plaintiff asserts the ALJ's failure to obtain additional medical evidence to clarify whether plaintiff's impairments met or equaled the Listing of Impairments was an abuse of discretion, which resulted in a finding, not supported by substantial evidence, that plaintiff's impairments did not meet the Listing of Impairments.

The Commissioner asserts only that the Appeals Court Order was not couched in mandatory terms.

First, I note that although Dr. Cohen checked a box marked "yes" in answer to a question as to whether plaintiff's impairments met or equaled impairments described in the Listing of Impairments, Dr. Cohen also wrote an explanation in which he

12 - OPINION AND ORDER

suggests his answer depended on further medical evaluation of the condition of the Harrington Rod in plaintiff's back. Second, Dr. Cohen recommended that Dr. Eraker explain his findings further.

The Appeals Council left it to the ALJ's discretion whether to seek additional medical information on this issue if the ALJ determined the additional information was "warranted by the expanded record" ordered by the Appeals Council. As noted, however, there was no expanded record because the ALJ failed to obtain clarification of Dr. Eraker's diagnoses and opinion as to disability.

On this record, I find the ALJ abused his discretion by failing to supplement the medical record, as suggested by the Appeals Council, and recommended by consulting physician, Dr. Cohen, to determine whether plaintiff's impairments met the Listing of Impairments. Although the Appeals Council Order was not "mandatory," the discretionary nature of the order was clearly premised on the understanding that further medical evidence would be provided by Dr. Eraker. In the absence of such additional medical evidence, I conclude the ALJ's finding that plaintiff's impairments do not meet or equal the Listing of Impairments is not supported by substantial evidence.

    2. **Rejection of Examining Psychologist's Opinion.**

Plaintiff alleges she suffers from depression and anxiety. In his first decision denying plaintiff's disability application,

13 - OPINION AND ORDER

the ALJ did not address plaintiff's alleged mental impairments. On review, the Appeals Council ordered the ALJ on remand to evaluate and make specific findings regarding plaintiff's alleged mental impairments.

Accordingly, psychologist Jane Starbird, Ph.D, examined Plaintiff, reviewed medical records, and conducted an MMPI-2 test on behalf of the Commissioner.

Dr. Starbird found plaintiff was agitated, impulsive, labile (unstable), with poor interpersonal boundaries. Plaintiff's "presentation suggested schizotypal and histrionic traits" that were supported by the results of the MMPI-2. The MMPI-2 "was notable for probable over-endorsement of psychological problems." According to Dr. Starbird, patients with these validity scores "are thought to be exaggerating symptoms in order to get help or emphasize their level of distress." Such patients are "indecisive, worry obsessively and doubt themselves, [and] . . . have difficulties with concentration and thinking and often show confusion." Dr. Starbird diagnosed plaintiff as suffering from anxiety disorder, depressive disorder, and personality disorder. Although Dr. Starbird again noted plaintiff's profile was exaggerated, she did not diagnose malingering. Dr. Starbird noted plaintiff's difficulties with her ten year old son, who has been diagnosed with ADHD and has significant behavioral problems, including stealing and setting fires.

14 - OPINION AND ORDER

The ALJ gave Dr. Starbird's diagnoses no weight based on Dr. Starbird's report of "over-endorsement of psychological problems." In addition, the ALJ noted that Dr. Starbird "appears to have fixated on the claimant's self-reports regarding her 10-year old son." Instead, the ALJ relied on the hearing testimony of psychiatrist Prisanna Pati, M.D. It appears Dr. Pati reviewed Dr. Starbird's report and concluded plaintiff suffers from a depressive disorder, but not a personality or anxiety disorder.

The examining physician's findings can constitute substantial evidence, and the ALJ may reject those findings only for "clear and convincing" reasons supported by substantial evidence in the record. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.1998). The opinion of a doctor who has examined the patient will ordinarily be entitled to greater weight than the opinion of a non-examining physician whose only knowledge of the patient is obtained from written reports. *Benton v. Barnhart* 331 F.3d 1030, 1038 (9th Cir. 2003).

On this record, I find the ALJ did not give clear and convincing reasons for rejecting Dr. Starbird's report, particularly in light of the brevity and conclusory nature of Dr. Pati's testimony. Dr. Starbird's report of her examination of plaintiff is thorough and her conclusions are supportable based on her analyses of the medical records, her examination, and the results of the MMPI-2 test. Moreover, although Dr. Starbird

15 - OPINION AND ORDER

describes in detail plaintiff's problems raising her 10-year old son, there is no evidence in the record that plaintiff exaggerated those problems, or that Dr. Starbird "fixated" on that issue to the extent that it unduly influenced her conclusions. Accordingly, I find that the ALJ abused his discretion in rejecting Dr. Starbird's opinion regarding plaintiff's mental impairments.

   3. **Plaintiff's Obesity**.

Plaintiff asserts the ALJ failed to determine whether plaintiff's' obesity, in combination with her other musculo-skeletal impairments, were medically equivalent in severity to a listed impairment. The Commissioner asserts the ALJ appropriately addressed plaintiff's obesity, found it was a severe impairment, but also found that, when combined with plaintiff's other alleged impairments, plaintiff's obesity was not equal in severity to a listed impairment.

I agree with the Commissioner that the ALJ considered plaintiff's obesity in making his determination that plaintiff was not disabled. I conclude, however, the ALJ's finding that plaintiff's obesity, when combined with her other physical impairments, did not equal in severity a listed impairment, is not supported by substantial evidence in the record.

As stated above, the ALJ improperly failed to expand the record on remand from the Appeals Council to clarify the extent

of plaintiff's musculoskeletal impairments. The ALJ, therefore, could not make an informed decision whether plaintiff's obesity, in combination with her alleged musculoskeletal impairments, were the equivalent of a listed impairment.

**4. <u>Residual Functional Capacity</u>**.

Plaintiff asserts the ALJ improperly analyzed her residual functional capacity to work. I agree. The ALJ's finding that plaintiff was able to perform work involving "modified light exertion with non-exertional limitations" is flawed because, for all the reasons stated above, the finding was based on an incomplete and inadequate record, particularly regarding the extent of plaintiff's musculo-skeletal impairments.

In summary, I agree with plaintiff that the ALJ's decision that she is not disabled is not supported by substantial evidence in the record. Plaintiff asserts I should therefore remand the matter to the Commissioner for an award of benefits. My conclusion, however, is based on the ALJ's failure to complete the record as required by the remand order issued by the Appeals Council. I do not find that the existing record establishes plaintiff is under a disability, nor do I presume that an expanded record will establish disability. Under these circumstances, the appropriate remedy is to reverse the decision of the Commissioner for further proceedings by the ALJ to complete the record.

## CONCLUSION

For these reasons and, pursuant to 42 U.S.C. § 405(g), the final decision of the Commissioner is **REVERSED;** this action is **REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 19 day of October, 2005.

```
__/s/  Malcolm F. Marsh_____
MALCOLM F. MARSH
United States District Judge
```